United States District Court
Southern District of Texas

**ENTERED**

April 27, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-3062 |
| | § | |
| ROBERT A. KNOEBEL, JR., *et al.*, | § | |
| *Defendants*. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

This is a foreclosure case. Pending before the Court is Plaintiff Lakeview Loan Servicing's Motion for Default Judgment against Defendants Robert A. Knoebel, Jr., and Sarah S. Knoebel, ECF No. 41.[2] Defendants have failed to answer or otherwise defend in the action. Having reviewed the briefing and the applicable law, the Court recommends granting Plaintiff's Motion.

## I.    BACKGROUND

Because Defendants failed to respond to Plaintiff's complaint and the default

---

[1] The district judge to whom this case is assigned referred this case for all pretrial purposes. Order, ECF No. 10. Pursuant to 28 U.S.C. § 636(b)(1)(A), a motion for default judgment is a dispositive motion appropriate for a Report and Recommendation. *Calsep, Inc. v. Intelligent Petroleum Software Sols., LLC*, No. 4:19-CV-1118, 2020 WL 7249831, at *1 (S.D. Tex. Nov. 18, 2020), *adopted*, 2020 WL 7247781 (S.D. Tex. Dec. 8, 2020).

[2] Plaintiff also previously filed a Motion for Default Judgment solely against Defendant Sarah Knoebel. ECF No. 25. That motion is denied as moot.

judgment motion or to otherwise appear in this case, the Court accepts the allegations in Plaintiff's complaint as true. *See PHH Mortgage Corp. v. Atkins*, No. 4:24-CV-3111, 2025 WL 1490542 (S.D. Tex. Apr. 3, 2025) (citing *Cantu v. Platinum Mktg. Grp., LLC.*, No. 1:14-CV-71, 2015 WL 13912331, at *2 (S.D. Tex. July 13, 2015)), *adopted*, No. 4:24-CV-03111, 2025 WL 1490501 (S.D. Tex. May 23, 2025).

On or about March 12, 2019, Defendants executed a Promissory Note ("Note") in the principal amount of $184,937.00 payable to Golden Empire Mortgage, Inc., DBA Southlake Mortgage, and bearing interest at an annual rate of 5.125%. ECF No. 1-1 at 2. Concurrently with the Note, Defendants executed a Deed of Trust, granting Golden Empire Mortgage, Inc., DBA Southlake Mortgage, a security interest in the real property located at: 114 S 6th Street, Highlands, Texas 77562 (the "Property"), more particularly described as:

> SOUTH ONE-HALF OF LOT 9, BLOCK 26, HIGHLANDS TOWNSITE, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 9, PAGE 14, MAP RECORDS OF HARRIS COUNTY, TEXAS

ECF No. 1 ¶ 9. The Deed of Trust was recorded in the Official Public Records of Harris County as Record No. RP-2019-102155. *Id.*; ECF No. 1-1 at 8–23. Plaintiff Lakeview is the record assignee of the Security Instrument pursuant to a Transfer and Assignment of Lien filed and recorded in the Official Public Records of Harris County as Instrument No. RP-2022-253558 on May 13, 2022, as well as under a

2

Corporate Assignment of Deed of Trust filed and recorded in the Official Public Records of Harris County as Instrument No. RP-2023-28770 on July 31, 2023 (together, "Assignment Documents"). ECF Nos. 1 ¶ 10; 1-1 at 25–29. The Loan was modified twice by Loan Modification Agreements filed and recorded in the Official Public Records of Harris County. *Id.* The first was recorded as Instrument No. RP-2023-281035 on July 26, 2023, and the second was recorded as Instrument No. RP-2024-116533 on April 2, 2024. *Id.*; ECF No. 1-1 at 31–53. Plaintiff is the current holder of the Deed of Trust, Note, and Loan Modifications that subsequently occurred (together, the "Loan"). ECF No. 1 ¶ 11.

Under the terms of the Loan, Defendants are required to pay the principal and interest on the debt when due, as evidenced by the Note, as well as any applicable charges and fees due under the Note. ECF No. 1-1 at 2, 16. Further, under the Note, if they fail to make payments due on the Note or fail to comply with the conditions of the Deed of Trust, Plaintiff may enforce the Deed of Trust by selling the Property according to the terms of the Loan. *Id.* at 16, 18. As of April 1, 2025, the Loan is in default. ECF Nos. 1 ¶ 12; 1-1 at 56. The default has not been cured. ECF No. 1 ¶¶ 13–14.

Plaintiff filed its complaint on July 1, 2025. ECF No. 1. The summons and complaint were personally served on Sarah S. Knoebel on September 25, 2025, and

3

Robert A. Knoebel, Jr. on December 30, 2025. ECF Nos. 13, 29. Neither Defendant has served an answer or other responsive pleading by their respective deadlines of October 16, 2025 as to Sarah S. Knoebel and January 20, 2026 as to Robert A. Knoebel, Jr. ECF No. 41 ¶ 6. Based on the Court's Order, ECF No. 18, the Clerk of Court entered default against Sarah S. Knoebel on September 30, 2025, ECF No. 19. Also based on the Court's Order, ECF No. 39, the Clerk of Court entered default against Robert A. Knoebel, Jr. on February 26, 2026, ECF No. 40. Plaintiff moved for default judgment on March 26, 2026. ECF No. 41. In support of its complaint and motion, Plaintiff submitted the following evidence: (1) the Note, ECF No. 1-1 at 2–6; (2) the Deed of Trust, *id.* at 8–23; (3) the assignment of interest to Plaintiff, *id.* at 25–27; (4) the Corporate Assignment of Deed of Trust, *id.* at 28–29; (5) the Loan Modification Agreements, *id.* at 31–53; (6) the Notices of Default and Intent to Accellerate sent to Defendants individually, *id.* at 56–68; (7) the Partial Claim Deeds of Trust establishing a subordinate security interest in the property held by the Secretary of Housing and Urban Development, *id.* at 70–87; and (8) Plaintiff's counsel's Servicemember Declaration, ECF No. 41-1.

To date, Defendants have not answered or otherwise made an appearance in this case.

4

## II.   DEFAULT JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 55

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After default is entered, a party may ask the court to enter a default judgment. FED. R. CIV. P. 55(b)(2). When a party is seeking entry of default judgment under Rule 55, the district court must examine its jurisdiction both over the subject matter and the parties, liability, and damages. *OROZCO v. SBX LOGISTICS, LLC*, No. 7:24-CV-00283, 2026 WL 886295, at *2 (S.D. Tex. Mar. 31, 2026) (quoting *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (internal quotation omitted)).

### A. The Court Has Subject Matter Jurisdiction.

"Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Luna v. Hous. Methodist Hosp.*, No. 4:24-CV-03221, 2025 WL 643520, at *2 (S.D. Tex. Jan. 27, 2025) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up)), *adopted*, 2025 WL 642055 (S.D. Tex. Feb. 27, 2025). "Subject matter jurisdiction must be established under 28 U.S.C. § 1331 or § 1332." *Id.* "Federal district courts have diversity jurisdiction

5

over 'civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.'" *Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 3d 762, 768 (S.D. Tex. Aug. 1, 2016) (quoting 28 U.S.C. § 1332(a)(1)).

When a plaintiff seeks declaratory relief, the amount in controversy is based on the value of the object of the litigation, , the value of the right to be protected, or the extent of the injury to be prevented, *PHH Mortgage Corp. v. Atkins*, No. 4:24-CV-3111, 2025 WL 1490542, at *2 (S.D. Tex. Apr. 3, 2025) (citing *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996); *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013)), *adopted*, No. 4:24-CV-03111, 2025 WL 1490501 (S.D. Tex. May 23, 2025).

Here, Plaintiff seeks to enforce its mortgage contract through judicial foreclosure. ECF No. 1 at 6. The value of the property is in excess of $75,000.00 and amount due under the Note is the principal sum of $184,937.00. ECF Nos. 1 ¶ 8; Note, ECF No. 1-1 at 2. Plaintiff is a corporation with its place of incorporation in Delaware and principal place of business in Florida. ECF No. 1 ¶ 1. Defendants are residents of Texas. *Id.* ¶¶ 2–3. Therefore, based on the pleadings and other evidence before the Court, diversity jurisdiction exists.

## B. The Court Has Personal Jurisdiction Over Defendants.

"[U]ncontroverted, non-conclusory allegations in the plaintiff's complaint must be taken as true[.]" *PHH Mortgage Corp.*, 2025 WL 1490542, at *2 (internal quotation marks omitted) (quoting *Alexander v. Greenwood Hall, Inc.,* No. 18-CV-4540, 2019 WL 2913953, at *5 (S.D. Tex. July 8, 2019)). "However, the Court need not credit conclusory allegations by plaintiff." *Id.* (citing *Alexander*, 2019 WL 2913953, at *6; *Mobius Risk Grp.*, 2012 WL 590926, at *2). Plaintiff alleges that Defendants are Texas residents and have resided at the property at issue, which is in Harris County, Texas. ECF No. 1 ¶¶ 2–3, 9.

In addition, a plaintiff must submit evidence that the defendant has been properly served with the summons, complaint, and the default judgment motion. *Illumipure, Inc. v. Trusted Client Sols., LLC*, No. 4:24-CV-3678, 2025 WL 3491633, at *2 (S.D. Tex. Nov. 17, 2025) (citing *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. Tex. P. R. 5.5 (a default judgment motion "must be served on the defendant-respondent by certified mail (return receipt requested)")), *adopted*, No. CV H-24-3678, 2025 WL 3502889

7

(S.D. Tex. Dec. 5, 2025). Without proper service, a court does not have personal jurisdiction over the defendant, and, as a result, any default judgment is void. *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) ("[A] district court must set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process." (internal quotation and quotation marks omitted)).

Here, the Plaintiff has established service. Defendant Sarah S. Knoebel was served in person at the property at issue. Aff. Serv., ECF No. 13. Defendant Robert A. Knoebel, Jr. was served by alternative service—affixing to the door of his residence a copy of the summons, civil cover sheet, complaint with exhibits, and order approving alternative service in this manner. Aff. Serv., ECF No. 29. Because Sarah S. Knoebel is a Texas resident who was served with process via in person delivery of the summons and complaint, the Court has personal jurisdiction over her. Because Robert A. Knoebel, Jr. was served with process by alternative delivery of the summons and complaint pursuant to this Court's order authorizing alternative service, ECF No. 28, the Court has personal jurisdiction over him.

## III.   DEFAULT JUDGMENT SHOULD BE GRANTED.

A motion for default judgment requires the court to determine: "(1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim;

and (3) how to calculate damages." *Illumipure, Inc.*, 2025 WL 3491633, at *2 (quoting *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020)). Under the first prong, the court must consider whether: (1) material issues of fact are at issue; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Id.* (quoting *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotation marks omitted)); *see also Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Rule 8 of the Federal Rules of Civil Procedure. *See Wooten*, 788 F.3d at 497–98.

### A. Default Judgment Is Procedurally Warranted.

The Court first determines whether a default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893.

9

Here, on balance, the above factors favor granting default judgment against Defendants. First, there are no material issues of fact in the instant case. *See Standard Ins. Co. v. Luna*, No. 5:22-CV-19, 2023 WL 11999255, at *2 (S.D. Tex. July 10, 2023) ("[defendants] have not appeared or filed any responsive pleadings, no material facts are in dispute.") (citing *Primerica Life Ins. Co. v. Basilio ex rel. UMB*, No. 4:22-cv-541, 2023 WL 3292879, at *2 (E.D. Tex. May 5, 2023)). Second, Plaintiff's interests are prejudiced because Defendants' failure to respond halts the adversary process. *See id.* (citing *Lindsey*, 161 F.3d at 893). Under the third and fifth factors, the grounds for default are established, and a default judgment is not unusually harsh under these facts, since Defendants have received both ample notice of this action and sufficient time to respond. *See Wells Fargo Bank, N.A. v. Hodges*, No. 421CV00410SDJCAN, 2023 WL 2058705, at *5 (E.D. Tex. Jan. 25, 2023), *adopted*, No. 4:21-CV-410-SDJ, 2023 WL 2403150 (E.D. Tex. Mar. 7, 2023) (collecting cases). Under the fourth and sixth remaining factors, there is no indication that Defendants' default is the result of any good faith mistake or excusable neglect, and there does not appear at present to be any basis upon which the Court would be obligated to set aside the default. *See Hodges*, 2023 WL 2058705, at *5. Plaintiff, accordingly, has met the procedural requirements for default judgment. *See Luna*, 2023 WL 11999255, at *2.

### B. Plaintiff's Complaint Provides A Sufficient Basis For Default Judgment.

Plaintiff seeks to foreclose on the Property under the Loan Agreement, pursuant to Texas Property Code § 51.002. "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [the borrower is] in default under the note and security instrument; and (4) [the borrower] received notice of default and acceleration." *Goedecke Deutsche Bank Nat'l Tr. Co. v. Dempsey*, No. 1:21-CV-00019, 2021 WL 12301169, at *2 (S.D. Tex. Dec. 9, 2021) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002)).

Here, the complaint presents sufficient factual allegations, which accepted as true, demonstrate all elements required for an order authorizing foreclosure. Plaintiff demonstrates that a debt exists, providing a copy of the Note and Deed of Trust executed by Defendants, and that it is the current legal owner and holder of the Note, providing the Assignment Documents establishing that the Note and Deed of Trust were assigned to Plaintiff. ECF No. 1-1 at 25–29. Second, by providing a copy of the Deed of Trust, Plaintiff shows that a lien has been created by it, recorded in Harris County where the Property is located; therefore, the debt is secured by a lien on the Property under Art. 16, § 50(a)(6) of the Texas Constitution. ECF No. 41-2

11

at 14–29. Third, Plaintiff has provided evidence of Defendants' default by providing a calculation of the overdue payment due on the Note in the Notice of Default, which was mailed to Defendants. ECF No. 1-1 at 55, 57.

Finally, Plaintiff has shown that the Notice of Default and Notice of Acceleration were provided in accordance with the Note and the Texas Property Code.[3] ECF No. 1-1 at 3, 55–68; *see Hodges*, 2023 WL 2058705, at *5. Here, the mortgage servicer mailed the Notice of Default and Intent to Accelerate by certified mail to the Defendants' address of record. ECF No. 1-1 at 55–68; *see Hodges*, 2023 WL 2058705, at *5.

In sum, Plaintiff has shown that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) Defendants are in default under the note and security instrument; and (4) Defendants received notice of default and acceleration. The necessary requirements of Texas Property Code § 51.002 to foreclose on a security instrument are met, and the pleadings establish a sufficient basis to enter a default judgment. *See PennyMac Loan Services, LLC v.*

---

[3] Under Texas Property Code § 51.002, a mortgagee seeking to foreclose on a security instrument must provide written notice by certified mail to the debtor stating that the debtor is in default under the security instrument and allow at least twenty days to cure the default prior to initiating foreclosure proceedings. Tex. Prop. Code § 51.002(d). Further, service by certified mail is complete under this section "when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code § 51.002(e).

*Prather*, No. 5-24-CV-01430-FB-RBF, 2025 WL 3492379, at *4 (W.D. Tex. Nov. 12, 2025) (finding the pleadings provide a sufficient basis for default judgment on substantially similar facts, where the borrowers defaulted on their loan and the bank sought judicial foreclosure as a remedy), *adopted*, No. SA-24-CA-1430-FB, 2025 WL 3491162 (W.D. Tex. Dec. 4, 2025).

### C. Plaintiff Is Entitled To Relief.

Because Plaintiff provides a sufficient basis in the pleadings for default judgment, the Court must determine what form of relief, if any, Plaintiff should receive.[4] Plaintiff does not seek any monetary damages against Defendants but rather requests a default judgment allowing judicial foreclosure on Defendants' interest in the Property. ECF No. 41 at 5. Upon consideration of a motion for default judgment, courts regularly recommend awarding a judgment permitting the enforcement of a security instrument against real property through non-judicial foreclosure. *See, e.g., Goedecke*, 2021 WL 12301169, at *3; *Hodges*, 2023 WL

---

[4] In determining "what form of relief, if any, the plaintiff should receive," *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015), the complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *Cantu*, 2015 WL 13912331, at *2 (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002) (internal quotation omitted)). "The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Laerdal Med. Corp. v. Basic Med. Supply, LLC*, Civ. Action H–16–35, 2016 WL 6436557, at *1 (S.D. Tex. Oct. 31, 2016) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

2058705, at *5 (collecting cases). Plaintiff is entitled to a default judgment under Rule 55 and a declaration that it may foreclose Defendants' interests in the Property.

Plaintiff also seeks attorney's fees and costs as a further obligation under the Loan Agreement. ECF No. 1 ¶ 17. Plaintiff is entitled to recover attorney's fees and any costs as provided under the terms of the Loan. *See Hodges*, 2023 WL 2058705, at *5 (collecting cases). Plaintiff shall file its application for attorney's fees and costs alongside supporting documentation within fourteen days following entry of any order adopting this report. *See Hodges*, 2023 WL 2058705, at *5.

## IV.   CONCLUSION

The Court **RECOMMENDS** Plaintiff's motion for default judgment, ECF No. 41, be **GRANTED** and that Plaintiff be awarded a final judgment against the Defendants finding:

(1) Plaintiff is the holder and beneficiary of that certain Note and Security Instrument executed by Defendants Robert A. Knoebel, Jr. and Sarah S. Knoebel that encumbers the real property commonly known as 114 S 6th Street, Highlands, Texas 77562 ("Property") and more particularly described, to wit:

> SOUTH ONE-HALF OF LOT 9, BLOCK 26, HIGHLANDS TOWNSITE, AN ADDITION IN HARRIS COUNTY TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 9, PAGE 14, MAP RECORDS OF HARRIS COUNTY, TEXAS;

(2) that the Property secures: the total outstanding balance due and owing

under the Note and Security Instrument, including advances; charges; costs; fees; prejudgment interest; post-judgment interest; and costs of court;

(3) that due to an event of default, Lakeview Loan Servicing, LLC, its successors and assigns, may enforce its lien against the interests of Defendants through a judicial foreclosure of the Property as provided under the Note, Security Instrument and Texas Rule of Civil Procedure 309;

(4) that Lakeview Loan Servicing, LLC may further communicate with Defendants and all third parties, which is reasonably necessary to conduct the foreclosure sale of the Property;

(5) that any notices regarding the foreclosure sale of the Property shall be mailed to the Defendants at the following addresses:

Robert A Knoebel Jr
114 S 6th Street
Highlands, TX 77562

Sarah S Knoebel
114 S 6th Street
Highlands, TX 77562

Secretary of Housing and Urban Development
c/o Civil Process Clerk
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, TX 77002;

(6) that, after allowing all just and lawful credits and offsets as of the date of

15

judgment, Plaintiff shall recover $192,356.51 which shall include principal in the amount of $155,965.43, interest in the amount of 7.375% *per annum,* as a daily interest amount of $31.51 each day after March 4, 2026, and all other fees, charges, and costs, including attorney's fees in the amount as determined by the Court. Post-judgment interest shall continue to accrue after the date of this Order at the federal post-judgment interest rate as established by 28 U.S.C. § 1961 or the highest rate allowed by law. Plaintiff may add post-judgment interest and additional amounts owed that are incident to the foreclosure sale of the Property as allowed under the Loan Agreement and Texas Law;

(7) that all right, title, and interest in the Property described above that is held by the obligors of the Note and mortgagors of the Security Instrument is to be judicially foreclosed upon and the proceeds of the said judicial foreclosure sale shall be applied to the debt owed to Plaintiff and, remaining funds, if any, shall be deposited with the Clerk of this Court, in accordance with Texas and federal law;

(8) that Plaintiff shall have the remedy of judicial foreclosure against the Property pursuant to Texas Rule of Civil Procedure 309;

(9) that, should Plaintiff elect the foreclosure remedy of judicial foreclosure under Texas Rule of Civil Procedure 309, an Order of Sale shall be prepared by the Clerk of the Court and issued to the U.S. Marshal in Harris County, Texas in the

16

amount of $192,356.51 plus costs of court, additional property taxes or insurance paid by Plaintiff, interest accrued at the federal post-judgment interest rate each day after the date of this Order and any and all foreclosure costs and expenses, including attorney's fees, that are allowed under the Loan Agreement and Texas Law that have accrued both before and after this judgment is signed. Upon satisfaction of Plaintiff's liens, remaining proceeds from any foreclosure shall disburse to the United States of America, who has a valid lien on the real property, in accordance with the provisions of the stipulation between Plaintiff and the United States, ECF No. 38;

(10) that the successful bidder at the foreclosure sale shall be vested with all of Defendants' right, title, and interest in the Property;

(11) that at the judicial foreclosure sale of the Property, Plaintiff may credit bid the amount of the Final Judgment plus all awarded advances, charges, costs, fees, and post-judgment interest, if any;

(12) that if Plaintiff is the successful purchaser of the Property at the judicial foreclosure sale, then a writ of possession shall issue against Defendants, any person with an interest in the property arising from Defendants, or any occupant of the Property in accordance with Texas Rule of Civil Procedure 310;

(13) that all writs necessary to enforce this judgment shall be issued; and

(14) that the Final Judgment disposes of all claims between all parties and is

appealable.

As to fees, Plaintiff shall file its motion or application for attorney's fees and costs alongside supporting documentation within fourteen (14) days following entry of any Order adopting this report.

Finally, Plaintiff's motion for default judgment against Sarah S. Knoebel, ECF No. 25, is **DENIED as MOOT.**

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on April 25, 2026.

**Dena Hanovice Palermo**
**United States Magistrate Judge**