United States District Court
Southern District of Texas
**ENTERED**
May 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LAKEVIEW LOAN SERVICING, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | |
| **ROBERT A. KNOEBEL, JR. A/K/A** | § | **4:25-cv-03062** |
| **ROBERT A. KNOEBEL; SARAH S.** | § | |
| **KNOEBEL; AND UNITED STATES OF** | § | |
| **AMERICA, ON BEHALF OF THE** | § | |
| **SECRETARY OF HOUSING AND** | § | |
| **URBAN DEVELOPMENT,** | § | |
| **Defendants.** | | |

**FINAL DEFAULT JUDGMENT**

On this day, the Court considered Lakeview Loan Servicing, LLC's Motion for Default Judgment and, after considering the motion, supporting evidence, and responses, if any, the Court finds as follows and enters this Final Judgment.

1. Citation was properly served on Defendants Robert A Knoebel Jr, A/K/A Robert A Knoebel, and Sarah S Knoebel (sometimes collectively referred to as "Defendants"). Defendants did not file an answer, and the return of service was on file for more than ten (10) days.

2. Citation was properly served on Defendant United States of America, on behalf of the Secretary of Housing and Urban Development. This Defendant and Plaintiff agreed to a Consent Order that was entered by this Court.

3. None of the Defendants are on active military duty and are not incompetent.

4. Thus, Plaintiff is entitled to the relief sought.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Plaintiff is the holder and beneficiary of that certain Note and Security Instrument executed by Defendants Robert A Knoebel Jr and Sarah S Knoebel that encumbers the real property commonly known as 114 S

[1]

6th Street, Highlands, TX 77562 ("Property") and more particularly described, to wit:

**SOUTH ONE-HALF OF LOT 9, BLOCK 26, HIGHLANDS TOWNSITE, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 9, PAGE 14, MAP RECORDS OF HARRIS COUNTY, TEXAS.**

**FURTHER ORDERED,** that the Property secures: the total outstanding balance due and owing under the Note and Security Instrument, including advances; charges; costs; fees; prejudgment interest; post-judgment interest; and costs of court.

**FURTHER ORDERED,** that due to an event of default, Lakeview Loan Servicing, LLC, its successors and assigns, may enforce its lien against the interests of Defendants through a judicial foreclosure of the Property as provided under the Note, Security Instrument and Texas Rule of Civil Procedure 309.

**FURTHER ORDERED,** that Lakeview Loan Servicing, LLC may further communicate with Defendants and all third parties, which is reasonably necessary to conduct the foreclosure sale of the Property.

**FURTHER ORDERED,** that any notices regarding the foreclosure sale of the Property shall be mailed to the Defendants at the following addresses:

| Robert A Knoebel Jr | 114 S 6th Street Highlands, TX 77562 |
| Sarah S Knoebel | 114 S 6th Street Highlands, TX 77562 |
| United States of America o/b/o Secretary of Housing and Urban Development | c/o Civil Process Clerk Southern District of Texas 1000 Louisiana Street, Suite 2300 Houston, TX 77002 |

**FURTHER ORDERED,** that, after allowing all just and lawful credits and offsets as of the date of judgment, Plaintiff shall recover $192,356.51 which shall include principal in the amount of $155,965.43, interest in the amount of 7.375% *per annum,* as a daily interest amount of

[2]

$31.51 each day after March 4, 2026, and all other fees, charges, and costs, including attorneys fees in the amount of $36,391.08. Post judgment interest shall continue to accrue after the date of this Order at the federal post judgment interest rate as established by 28 U.S. Code § 1961 or the highest rate allowed by law. Plaintiff may add post-judgment interest and additional amounts owed that are incident to the foreclosure sale of the Property as allowed under the Loan Agreement and Texas Law.

**FURTHER ORDERED,** that all right, title, and interest in the Property described above that is held by the obligors of the Note and mortgagors of the Security Instrument is to be judicially foreclosed upon and the proceeds of the said judicial foreclosure sale shall be applied to the debt owed to Plaintiff and, remaining funds, if any, shall be deposited with the Clerk of this Court, in accordance with Texas and Federal law.

**FURTHER ORDERED,** that, Plaintiff shall have the remedy of judicial foreclosure against the Property pursuant to Texas Rule of Civil Procedure 309.

**FURTHER ORDERED,** that, should Plaintiff elect the foreclosure remedy of judicial foreclosure under Texas Rule of Civil Procedure 309, that an Order of Sale shall be prepared by the Clerk of the Court and issued to the US Marshall in Harris County, Texas in the amount of $192,356.51 plus costs of court, additional property taxes or insurance paid by Plaintiff, interest accrued at the federal post judgment interest rate each day after the date of this Order and any and all foreclosure costs and expenses, including attorneys fees, that are allowed under the Loan Agreement and Texas Law that have accrued both before and after this judgment is signed.

**FURTHER ORDERED,** that the successful bidder at the foreclosure sale shall be vested with all of Defendants' right, title, and interest in the Property.

**FURTHER ORDERED,** that at the judicial foreclosure sale of the Property, Plaintiff may

[3]

credit bid the amount of this Final Judgment plus all herein awarded advances, charges, costs, fees, and post-judgment interest, if any.

**FURTHER ORDERED,** that if Plaintiff is the successful purchaser of the Property at the judicial foreclosure sale, then a writ of possession shall issue against Defendants, any person with an interest in the property arising from Defendants, or any occupant of the Property in accordance with Texas Rule of Civil Procedure 310.

**FURTHER ORDERED,** that all writs necessary to enforce this judgment shall be issued.

**FURTHER ORDERED,** that this Final Judgment disposes of all claims between all parties and is appealable.

**FINALLY ORDERED,** that all relief not expressly granted herein is hereby denied.

DATE: _May 13, 2026_

_____
**UNITED STATES DISTRICT JUDGE**

[4]